## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

JAMES (BARRY) SANDEFUR; CHRISTY
SIDENER; MARK ROBERTS; KIMBERLY
NEWMAN; SETH MOORE; and MELANIE
WATSON,

      Plaintiffs,

v.

PUBLISHERS CIRCULATION
FULFILLMENT, INC.,

      Defendant.
_____/

CASE NO.: 3:13-cv-00475
CLASS ACTION

### PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

      Plaintiffs, by and through their undersigned counsel, respectfully move this Court to enter an Order, pursuant to Fed. R. Civ. P. 15(a)(2), granting Plaintiffs leave to file their Second Amended Complaint, a proposed copy of which is concurrently filed herewith, and in support thereof would state:

      1.    This action was commenced on August 26, 2013, with the filing of Plaintiffs' initial Complaint.

      2.    Plaintiffs filed their First Amended Complaint on September 19, 2013. Plaintiffs' First Amended Complaint was filed as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1).

      3.    Defendant filed its Motion to Dismiss on November 15, 2013.

      4.    No scheduling order has been entered in this matter, and discovery has yet to commence.

5. Since filing the initial Complaint and First Amended Complaint, Plaintiffs have discovered new factual information relevant to their causes of action. Plaintiffs' proposed Second Amended Complaint seeks to incorporate this newly discovered information. Such information is relevant for purposes of responding to Defendant's Motion to Dismiss and filing Plaintiffs' impending Motion for Class Certification and Motion to Conditionally Certify FLSA Collective Action.

6. Rule 15 provides "[t]he court should freely give leave [to amend] when justice so requires." F.R.Civ.P. 15(a). As a result, a court must provide substantial justification if the court denies a timely filed motion for leave to amend. *See Laurie v. Alabama Criminal Court of Appeals*, 256 F.3d 1266, 1274 (11th Cir. 2001). Substantial justification may result from undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party, or where amendment would be futile. *Id.*

7. "Generally, where a more carefully crafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). A plaintiff who files an amended complaint as a matter of course is *not* said to have been given an opportunity to amend or to have failed to cure deficiencies through previously allowed amendments. *Id.* (holding that plaintiffs seeking leave to file second amended complaint had not been given opportunity to amend and had not been given previous opportunity to cure deficiencies where plaintiffs' amended complaint was filed as a matter of course).

8. Where, as here, a proposed second amended complaint addresses points raised in a defendant's motion to dismiss, the litigation is in its infancy, and discovery has yet to commence, the defendant suffers no prejudice when amendment is allowed. *See Brucker v.*

*Lowe's Home Ctrs., Inc.*, No. 2:10-cv-405-FtM-29SPC, 2011 WL 2729152 (M.D. Fla. July, 13, 2011).

9.      Defendant does not object to this motion, and agrees that if the Court permits the filing of the Second Amended Complaint, Defendant's pending Motion to Dismiss need not be further argued or decided. Defendant contends, however, that the Second Amended Complaint also fails to state a claim, and intends to file a Renewed Motion to Dismiss the Second Amended Complaint, if the Court permits the Second Amended Complaint to be filed, and thereafter, once it is served on Defendant's counsel.

WHEREFORE, Plaintiffs respectfully request this Court enter an Order granting Plaintiffs leave to file their Second Amended Complaint.

Respectfully submitted,

/s/ Tiffany A. Sullivan
**TIFFANY A. SULLIVAN**
Florida Bar No. 647691
**CHARLES F. BEALL, JR.**
Florida Bar No. 66494
**GEORGE R. MEAD, II**
Florida Bar No. 096490
MOORE, HILL & WESTMORELAND, P.A.
220 W. Garden Street, 9th Floor
Pensacola, Florida 32502
Tel: 850/434-3541
Fax: 850/435-7899
Counsel for Plaintiffs
tsullivan@mhw-law.com
cbeall@mhw-law.com
emead@mhw-law.com
smccaul@mhw-law.com

3

## CERTIFICATE OF COUNSEL CONFERENCE

Pursuant to Northern District, Local Rule 7.1(B), the undersigned conferred with counsel for the Defendant's via email on November 21, 2013, and Defendant does not object to the request made herein, subject to the issues raised and represented in paragraph 9 of this motion.

## CERTIFICATE OF SERVICE

I hereby certify that, on November 21, 2013, I electronically filed the above and foregoing document with the Clerk of the Court using the ECF system, which sent notification of such filing to the following counsel of record:

| | |
|---|---|
| **P. Michael Patterson, Esquire**<br>Emmanuel Sheppard & Condon<br>30 South Spring Street<br>Pensacola, FL 32502<br>pmp@esclaw.com | **Mark W. Batten, Esquire**<br>Proskauer Rose LLP<br>One International Place<br>Boston, MA 02110-2600<br>mbatten@proskauer.com |
| **Gregory I. Rasin, Esquire**<br>**Jacquelyn R. Weisman, Esquire**<br>Proskauer Rose LLP<br>Eleven Times Square<br>New York, NY 10036-8299<br>grasin@proskauer.com<br>jweisman@proskauer.com | |

/s/ Tiffany A. Sullivan
**TIFFANY A. SULLIVAN**
Florida Bar No. 647691
**CHARLES F. BEALL, JR.**
Florida Bar No. 66494
**GEORGE R. MEAD, II**
Florida Bar No. 096490
MOORE, HILL & WESTMORELAND, P.A.
220 W. Garden Street, 9th Floor
Pensacola, Florida 32502
Tel: 850/434-3541
Fax: 850/435-7899
Counsel for Plaintiffs
tsullivan@mhw-law.com
cbeall@mhw-law.com
emead@mhw-law.com